# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| KAREEM A. HURLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 14-3094-CV-S-MDH-P |
| | ) |
| JAY CASSADY, | ) |
| | ) |
| Respondent. | ) |

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, who is currently confined at Jefferson City Correctional Center in Jefferson City, Missouri, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2005 convictions and sentences for forcible rape, second degree assault, and armed criminal action in the Circuit Court of Greene County, Missouri. Petitioner's convictions were affirmed on direct appeal. State v. Hurley, 208 S.W.3d 291 (Mo. Ct. App. 2006). Petitioner filed a motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 29.15, the denial of which was affirmed. (Respondent's Exhibit I).

Petitioner raises six grounds for relief. (1) that the trial court erred by allowing L.C. as a rebuttal witness; (2) that trial counsel was ineffective for failing to call Lemmie Bookman to contradict the testimony of M.C.; (3) that post-conviction appellate counsel was constitutionally ineffective for failing to brief on appeal that trial counsel unreasonably failed to call Claudette Jenks as a witness; (4) that petitioner was denied effective assistance of post-conviction appellate counsel because counsel unreasonably failed to call Thomas Litsey as a witness; (5) that petitioner was denied effective assistance of post-conviction appellate counsel because counsel unreasonably

failed to establish that the S.A.F.E. exam did not show petitioner's semen; and (6) that petitioner was denied effective assistance of post-conviction appellate counsel because counsel unreasonably failed to file a motion in limine to establish the chain of custody of the victim's underpants. Respondent contends that petitioner's Grounds 1 and 2 are without merit, and Grounds 3, 4, 5, and 6 are procedurally defaulted. The court notes that Ground 1 and 2 are without merit, and the rest are procedurally defaulted.

## FACTUAL BACKGROUND

In affirming the petitioner's convictions and sentences of the state circuit court, the Missouri Court of Appeals, Southern District, set forth the following facts:

> [Petitioner] met Marilyn Clark ("Victim") in August 2003. During the course of their relationship, they frequently smoked crack cocaine together and occasionally engaged in sexual intercourse. On December 29, 2003, Victim accepted [petitioner]'s invitation to have dinner at his house. Soon after she arrived, [petitioner] offered her some crack cocaine to smoke. Victim took one hit and before she exhaled, [petitioner] stabbed her in the head. This was the beginning of [petitioner]'s violent attack of Victim in which he stabbed her multiple times, punched her in the face and chest, threatened to kill her, forced her to perform oral sex on him, and eventually raped her. After the attack, [petitioner] forced Victim to stay the night with him.
>
> The next morning, Victim begged [petitioner] to let her go. [Petitioner] made Victim put a bandana on to cover the stab wounds on her head. He also forced her to apply makeup to conceal the bruises on her face. When Victim was outside with [petitioner], her ex-husband drove by. She jumped in the van with her ex-husband and went home. Because [petitioner] threatened Victim's children, she made sure they were safely out of town before calling the police later that day.
>
> At trial, [petitioner] did not testify on his own behalf but presented three witnesses. Two of those witnesses were [petitioner]'s roommates, Earl Brown and his girlfriend Debbie Lovelass. Mr.

> Brown stated that because his bedroom was next to the room where [petitioner] slept, he could hear when [petitioner] was moving around. Mr. Brown said that he did not hear any fighting or screaming the night of December 29, 2003, nor did he see any blood the next morning. Ms. Lovelass claimed she neither heard nor saw anything out of the ordinary during or after the alleged attack. On cross-examination, Ms. Lovelass admitted that she and Mr. Brown had been drinking that night and would not have heard anything after they fell asleep.
>
> In rebuttal, over [petitioner]'s objection, the State called Victim's sixteen-year-old daughter, L.C. L.C. testified that when her mother returned home on the morning of December 30, 2003, she had on pale white makeup that she did not normally wear. L.C. described her mother's injuries and noted that Victim did not have them the day before. L.C. also noticed that her mother was acting unusually skittish, scared, and quiet.

(Respondent's Exhibit I, pages 1-3).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUND 1 - TRIAL COURT ERROR ALLOWING WITNESS TESTIMONY**

In Ground 1, petitioner contends that the trial court erred in allowing the state to call L.C.

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

as a rebuttal witness. The Missouri Court of Appeals, Western District, denied Ground 1 as follows:

> [Petitioner] alleges that the trial court's decision to allow L.C.'s testimony as rebuttal evidence was an abuse of the court's discretion. Appellant argues that "the prosecutor should have put on this evidence in his case-in-chief, and the testimony did not rebut the evidence presented by the defense." Appellant alleges that he was prejudiced because allowing L.C. to testify as a rebuttal witness "allowed the State to close its case with the emotional testimony of the sixteen-year-old daughter of the alleged forcible rape victim."
>
> The admission and scope of rebuttal testimony is soundly within the trial court's discretion. State v. Ramsey, 710 S.W.2d 459, 461 (Mo. App. E.D. 1986). Absent a gross abuse of that discretion, an appellate court will not reverse the trial court's decision. State v. Hamilton, 892 S.W.2d 371, 379 (Mo. App. E.D. 1995). An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration. State v. Brede, 198 S.W.3d 645, 647 (Mo. App. S.D. 2006).
>
> Rebuttal testimony is any competent testimony that either directly or indirectly explains, counteracts, repels, or disproves evidence offered by [petitioner]. Ramsey, 710 S.W.2d at 461. Endorsement is not required for the State's rebuttal witness unless she is called to rebut a defense of alibi or mental disease or defect. State v. Bradley, 57 S.W.3d 335, 339 (Mo. App. S.D. 2001). Moreover, rebuttal testimony is not improperly admitted merely because it could have been used by the State in the State's case-in-chief. State v. Reese, 787 S.W.2d 768, 771 (Mo. App. W.D. 1990).
>
> The trial court did not err in admitting L.C.'s rebuttal testimony because her testimony was entirely within the permissible scope of rebuttal witnesses. L.C.'s testimony was intended to both directly and indirectly contradict the testimony of Earl Brown and Debra Lovelass, both defense witnesses, that inferred that "nothing out of the ordinary" or violent occurred the night of December 29 or the morning of December 30. Therefore, because L.C.'s testimony was proper rebuttal testimony, the trial court did not abuse its discretion by admitting it.

(Respondent's Exhibit H, pages 14-15).

The state appellate court's findings are presumed to be correct under 28 U.S.C. § 2254(e)(1). A federal court is bound by a state court's interpretation of state law in federal habeas corpus proceedings unless petitioner's conviction violates the United States Constitution or federal law. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Sweet v. Delo, 125 F.3d 1144, 1153 (8th Cir. 1997), cert. denied sub nom. Sweet v. Bowersox, 523 U.S. 1010 (1998). Further, it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. 28 U.S.C.A. § 2254(a); Wilson v. Corcoran 131 S. Ct. 13, 16 (2010).

State trial courts are afforded wide discretion with evidentiary rulings. "Questions regarding admissibility of evidence are matters of state law, and they are reviewed in federal habeas inquiries only to determine whether an alleged error infringes upon a specific constitutional protection or is so prejudicial as to be a denial of due process." Rousan v. Roper, 436 F.3d 951, 958 (8th Cir. 2006) (citation and internal quotations omitted), cert. denied, 549 U.S. 835 (2006); see also Bell-Bey v. Roper, 499 F.3d 752, 759 (8th Cir. 2007), cert. denied, 128 S. Ct. 2426 (2008). "The exclusion [or admission] of [evidence] based on state evidentiary rules results in the denial of due process only if there was an impropriety so egregious that it made the entire proceeding fundamentally unfair." Skillicorn v. Luebbers, 475 F.3d 965, 972 (8th Cir. 2007) (citation omitted), cert. denied sub nom. Skillicorn v. Roper, 552 U.S. 923 (2007). "To meet this burden, a habeas petitioner must show that 'absent the alleged impropriety the verdict probably would have been different.'" Id. (quoting Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995) (rehearing denied)).

In rebuttal, the prosecution called L.C., the victim's teenage daughter, to the stand.

Petitioner contends that L.C.'s testimony was prejudicial and violated his Constitutional rights "because it did not explain or counteract, or refute evidence offered by the defense." (Respondent's Exhibit J, page 2). L.C. had seen her mother leave their home relatively unscathed. Upon victim's return to their home, the daughter detailed victim's behavior and appearance. (Respondent's Exhibit D, pages 616-17).

L.C.'s account of the victim's appearance prior to visiting with petitioner is neither "fundamentally unfair" nor prejudicial. L.C.'s testimony provides rebuttal evidence to corroborate the victim's timeline of events and also rebuts petitioner's belief that the victim injured herself by accidentally tripping on his basement stairs. Petitioner has failed to show that the Missouri Court of Appeals' decision as to Ground 1 "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.C.S. § 2254(d)(1) and (2). Ground 1 will be denied.

## GROUND 2 – INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In Ground 2, petitioner contends that his trial counsel was constitutionally ineffective for failing to call Lemmie Bookman as a witness at trial in that Bookman met with the alleged victim on the night of the crime and could have contradicted victim's testimony. The Missouri Court of Appeals, Western District, denied Ground 2 as follows:

> [Petitioner] brings this claim of ineffective assistance of counsel for failing to call a potential witness, Lemmie Bookman. [Petitioner] claims that Bookman would have "contradicted the testimony" of the victim, which would have called into question the allegations against [petitioner]. "Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the

6

findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). Cornelius v. State, 351 S.W.3d 36, 41 (Mo. App. W.D. 2011). "Findings and conclusions are deemed clearly erroneous only if a full review of the record leaves the appellate court with the definite and firm impression that a mistake has been made." Id.

The motion court found credible trial counsel testimony that it was trial strategy to convince the jury that the sex between the victim and [petitioner] on the date of the rape was consensual. The court found credible trial counsel's further testimony that Bookman's statements potentially would have corroborated the statements the victim made to police and that any inconsistencies were not important to the defense. Trial counsel testified he was concerned Bookman's extensive criminal history, including a conviction for a sex crime, would damage his credibility when put before the jury.

A review of the entire deposition makes it clear that Bookman's testimony would not have assisted [petitioner] and thus the motion court's finding is not clearly erroneous. [ . . . ] It is clear from the deposition that some injury had occurred because Bookman testified that he had seen injuries to the victim. Further, it is clear that Bookman returned that evening to "check on" the victim. Although the questions to Bookman did not flush out the reason for Bookman checking on victim, the inference is that he was following up with her because she had been injured the night before. The deposition is replete with "I don't know" and "I don't remember." The arguments that [petitioner] makes in support of his claim that Bookman's testimony would have assisted him are partial answer to incomplete questions. [Petitioner] trial counsel had reason to omit Bookman as a witness as he probably would have supported the important claim that the victim had been assaulted by [petitioner] the night before Bookman saw her because (1) he observed injuries on the victim, (2) he came back to check on the victim that night, and (3) some sort of threat was made against the victim's children. As the motion court noted, the issues of whether Bookman took the victim to her cousin's or the hospital were not important to the defense.

(Respondent's Exhibit O, pages 6-7).

In order for petitioner successfully to assert a claim for ineffective assistance of trial

counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

Petitioner's trial counsel did not want to call Bookman to the stand because Bookman's statement to the police corroborated parts of M.C.'s testimony. Respondent's Exhibit J, pages 65-66. In his deposition for the Missouri Court of Appeals, Bookman's testimony corroborated the victim's testimony on several key points: that he picked the victim up at petitioner's home, that she was injured, and that she showed a genuine concern for the safety of her children. Respondent's Exhibit L, pages 11-13. Moreover, Bookman's testimony proves more that he cannot remember specifics from the incident, rather than providing a supportive testimony for petitioner.

The Missouri Court of Appeals, Western District, upheld the motion court's finding that petitioner's trial counsel made a reasonable decision to not bring Bookman as a witness. Such strategic decisions are virtually unchallengeable, especially under 28 U.S.C. § 2254. Strickland,

466 U.S. at 690-91; Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009); see also Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987) ("[T]he courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed in the proceedings to that point, and his best judgment as to the attitudes and sympathies of judge and jury.").

Petitioner again has failed to show that the Missouri Court of Appeals' decision as to Ground 2 "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" as required in Section 2254(d)(1) and (2). Ground 2 will be denied.

## GROUNDS 3-6 – PROCEDURALLY DEFAULTED CLAIMS

In Grounds 3-6 , petitioner claims that he received ineffective assistance of post-conviction appellate counsel[2] for failing to brief on appeal his claims that (3) trial counsel unreasonably failed to call Claudette Jenks as a witness; (4) trial counsel unreasonably failed to call Thomas Litsey as a witness; (5) trial counsel unreasonably failed to establish that the S.A.F.E. exam did not show petitioner's semen; and (6) trial counsel unreasonably failed to file motion in limine to establish the chain of custody of the victim's underpants. Respondent claims that petitioner's remaining grounds are procedurally defaulted because petitioner failed to raise the grounds on appeal from the denial of post-conviction relief (Respondent's Exhibit H, page 10).

---

2 As respondent notes, claims of ineffective assistance of post-conviction counsel are not independent grounds for relief in federal habeas petition under 28 U.S.C. § 2254(I). Thus, only the underlying ineffective assistance of trial counsel claims could be considered even if petitioner had not defaulted those claims.

9

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). In order to exhaust state remedies, an appellant must present the "substance" of the claim to state courts. Anderson v. Harless, 459 U.S. 4, 6 (1982). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id. Petitioner procedurally defaulted on Grounds 3-6 by failing to raise them in either his direct appeal or in his Rule 29.15 appeal. See Sweet v. Delo, 125 F.3d at 1149 (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner contends that he is able to show cause based on the limited exception of Maples v. Alabama, 132 S. Ct. 912 (2012). The Maples exception, however, discusses the unusual situation when an attorney "abandons his client without notice, and thereby occasions the default." Id. at 922. Here, unlike in Maples, petitioner does not contend that post-conviction counsel abandoned him. In fact, petitioner's post-conviction motion counsel timely filed a notice of appeal (Respondent's Exhibit K, page 3), and petitioner's post-conviction appellate counsel timely filed a brief in the post-conviction appeal (Respondent's Exhibit M). As respondent correctly states, the substance of petitioner's complaint is not abandonment under Maples, but rather alleged ineffective assistance of

post-conviction appellate counsel.

The United States Supreme Court recognized that ineffective assistance of post-conviction counsel could constitute cause for the failure to raise a claim in a post-conviction motion in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Martinez did not, however, change the rule that ineffective assistance of post-conviction appellate counsel could not constitute cause for state procedural default unless it has been presented in the state courts. Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012). Ineffective assistance of post-conviction appeal counsel does not constitute legally sufficient cause permitting a claim to be raised in federal court. Coleman v. Thompson, 501 U.S. 722, 752-57 (1990); Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012).

Petitioner does not allege that motion counsel failed to raise Ground 3 – 6 in the post-conviction motion. Instead, post-conviction motion counsel did raise these claims. The substance of petitioner's "cause" is that post-conviction appeal counsel failed to include these four claims on post-conviction appeal. Under Arnold and Coleman, however, ineffective assistance of post-conviction appeal counsel does not demonstrate legally sufficient cause.

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006). As a result, Grounds 3-6 will be denied.

## A CERTIFICATE OF APPEALABILITY WILL BE DENIED

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy

11

this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

/s/ Douglas Harpool  
DOUGLAS HARPOOL  
UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: August 21, 2014.